IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| CHESTER RAY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-01055 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Document Nos. 1 and 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACT AND PROCEDURE**

On January 17, 2007, Petitioner pled guilty in the United States District Court for the Western District of Texas to one count of conspiracy to attempt to possess with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. § 841 and 846 (Count One); and one count of possessing with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. § 841 (Count Two). United States v. Williams, Case No. 06-cr-1646 (W.D.Tex. April 12, 2007), Document No. 33. During the sentencing hearing conducted on April 10, 2007, the District Court sentenced Petitioner to a 30-month term of imprisonment as to each count, to run consecutively. Id., Document No. 39. The District Court further imposed a three-year term of supervised release as to each count to run concurrently. Id. On April 13, 2007, the District Court entered its "Judgment in Criminal Case" erroneously stating that

Count Two had been dismissed by the Government. Id., Document No. 40. By "Amended Judgment in Criminal Case" entered on April 26, 2007, the District Court corrected the judgment stating that Petitioner pleaded guilty to Counts One and Two. Id., Document No. 43. On April 19, 2007, Petitioner timely filed his Notice of Appeal. Id., Document No. 42. The Fifth Circuit affirmed Petitioner's sentence on April 11, 2008. United States v. Williams, 273 Fed.Appx. 392 (5th Cir. Apr. 11, 2008).

On March 13, 2009, Petitioner filed in the Western District of Texas his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. United States v. Williams, Case No. 06-cr-1646, Document No. 83. By Order entered on February 12, 2010, the District Court granted in part and denied in part Petitioner's Section 2255 Motion. Id., Document Nos. 93 and 94. Specifically, the District Court concluded as follows: (1) "Williams is entitled to relief on his ineffective assistance of counsel claim regarding his assertion of actual innocence and the Government's failure to charge a violation of law in count one of the Superseding Indictment;" (2) "Williams is not entitled to relief on any of his other claims;" and (3) "William's conviction and sentence for count one of the Superseding Indictment is vacated and his sentence for count two of the Superseding Indictment is vacated." Id., Document No. 93. By Order entered on February 18, 2010, the District Court scheduled Petitioner for resentencing on March 31, 2010. Id., Document No. 95. By Order entered on March 31, 2010, the Texas District Court dismissed Count One, and resentenced Petitioner to time served as to Count Two. United States v. Williams, Case No. 06-cr-1646, Documents Nos. 96 and 97. The Texas District Court further imposed a three-year term of supervised release as to Count Two. Id. Subsequent to his resentencing in Texas, Petitioner notified the Court by telephone that he was resentenced to time served and had been released from custody.

On September 28, 2009, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Document No. 1.) In his Petition, Petitioner appears to allege that Section 2255 is inadequate to challenge his conviction because "[t]he judge has refused to recuse himself, relations with the court are hostile due to a judicial complaint filed by Movant and his suggestions of the court's improper handling of the case and law." (Id., pp. 1 - 3.) On October 14, 2009, Petitioner filed a supplemental Petition clarifying his grounds for *habeas* relief. (Document No. 3.) Specifically, Petitioner argues as follows:

> The Petitioner has established in previous pleadings that his sentence was imposed in violation of the constitution and laws of the United States, as due process of law was not followed from a sole government agent's entrapment scheme, imposition of sentence on charges (twice) dismissed, and added beyond the time limits of 18 U.S.C. § 3161(b); to upward departure without notice of intent, and imposition of consecutive sentences in direct contravention of the United States Sentencing Guidelines.
>
> The sentencing court was without jurisdiction to impose the sentence under law, and it was in excess of the maximum authorized, recommended sentence government used to lure Mr. Williams away from trial by two-fold.
>
> The sentence was double the range authorized by law, as consecutive sentences were given in violation of U.S.S.G. § 3D1.2.
>
> The sentence is otherwise subject to Petitioner's collateral attacks due to unsigned indictments, the previously referenced conviction and sentencing on (twice) dismissed charges, and the ineffectiveness of counsel for refusing to challenge the court on these procedural failings, but these arguments have found no favor in the Fifth Circuit. The focus of Petitioner's pleading to this court is two-fold:
>
> 1. Petitioner's sentence on two dismissed charges was required by the U.S. Sentencing Guidelines to have been grouped and run concurrently.
>
> \* \* \*
>
> 2. Government and court recommended a total sentence of 30 months in its Pre-Sentence Report (See Exhibit 1) and used this as its lure to Petitioner to avoid a trial. There was no notice of upward departure and no evidence of any intention to do so in the Report. (See Exhibit 2).
>
> \* \* \*

3

(Id., pp. 2 - 5.) Therefore, Petitioner requests that the Court "order his immediate release from his improperly imposed second sentence, and remove the order for supervised release, which he has served for all intent and purposes, in federal prison." (Id., p. 6.)

On March 1, 2010, Petitioner filed a "Motion to Order Immediate Release Due to Vacation of Sentence by District Court of Original Jurisdiction." (Document No. 6.) Petitioner alleges that he should be immediately released from custody because the United States District Court for the Western District of Texas "has ordered both sentence VACATED." (Id., p. 1.) In support of his Motion, Petitioner attaches the following Exhibits: (1) A copy of the "Judgment in a Criminal Case" entered on April 13, 2007, by the United States District Court for the Western District of Texas (Id., p. 3.); (2) A copy of the "Amended Judgment in a Criminal Case" entered on April 26, 2007, by the United States District Court for the Western District of Texas (Id., p. 4.); and (3) A copy of the Final Judgment Order entered on February 12, 2010, by the United States District Court for the Western District of Texas (Id., p. 5.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds

him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 3.), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 16, 2010.

R. Clarke VanDervort
United States Magistrate Judge