IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHESTER RAY WILLIAMS,

           Petitioner,

v.                                            CIVIL ACTION NO. 5:09-cv-01055

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed the Petitioner's September 28, 2009, Motion for Leave to File Petition for Writ of Habeas Corpus [Docket 1] and his October 14, 2009, Petition for Relief Under 28 U.S.C. § 2241 and the United States Constitution [Docket 3].

By Standing Order [Docket 2] entered in this case on September 28, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On April 16, 2010, the Magistrate Judge submitted *Proposed Findings and Recommendation* [Docket 8] wherein it is recommended that this Court dismiss the Petitioner's § 2241 motion and remove this matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this

Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

However, a defendant must cite to specific instances of error. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir.2007) (stating that "[28 U.S.C. ] Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*") (internal citations and quotations omitted) (emphasis in original). As the Fourth Circuit further stated in *Midgette*:

> [a] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection . . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.* at 622.

Here, objections to Magistrate Judge VanDervort's PF&R were due by May 3, 2010, pursuant to 28 U.S.C. § 636(b)(1). Petitioner timely filed objections [Docket 10] on that date.

However, none of Petitioner's objections pointed with any specificity to error on the part of Magistrate Judge VanDervort. The Court therefore **OVERRULES** said objections. Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that Petitioner's Motion for Leave to File Petition for Writ of Habeas Corpus [Docket 1] and his Petition for Relief

Under 28 U.S.C. § 2241 and the United States Constitution [Docket 3] be **DISMISSED** and that this action be **REMOVED** from the docket of this Court. A separate Judgment Order will enter this day implementing the rulings contained herein.

The Court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: May 7, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA